IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTONIO RISCO, | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. |
| | : 1:19-CV-4044-LMM |
| v. | : |
| | : |
| MU MU INC. d/b/a TOKYO BAY BUFFET and JUREN LIN, | : |
| Defendants. | : |

**ORDER AND FINAL JUDGMENT**

This case comes before the Court on Plaintiff's Motion for Default Judgment [7]. The Court held a damages hearing on this Motion on August 3, 2020. Defendant Juren Lin personally appeared at the hearing, but Defendant Mu Mu, Inc. was not represented by counsel.[1] After due consideration, and with the benefit of a hearing, the Court enters the following Order:

**I.   BACKGROUND**

Plaintiff Antonio Risco brought this Fair Labor Standards Act ("FLSA") case against Defendants on September 9, 2019. Dkt. No. [1]. His Complaint alleges two counts: (1) that Defendants violated the tip-pooling and minimum-

---

[1] Defendant Lin attempted to argue and present testimony as to his liability for damages. As the Court explained, liability had already been established in an earlier order, and the hearing was called only for the purposes of establishing certain categories of damages.

wage protections in § 3 and § 6 of the FLSA, 29 U.S.C. §§ 203(m), 206(a); and (2) that Defendants violated the FLSA's retaliation provisions, 29 U.S.C. § 215(a)(3), when they fired Plaintiff for complaining about their unlawful wage practices. Dkt. No. [1] ¶¶ 38–47. Plaintiff also requests attorney's fees. Id. ¶ 47.

Defendants failed to answer Plaintiff's Complaint, and the Clerk entered default as to each Defendant. Dkt. No. [6]. Plaintiff moved for default judgment, and the Court granted that motion in part on May 26, 2020. Dkt. No. [11]. The Court held that Plaintiff had adequately pled liability on his claims but needed to produce more detail regarding FLSA retaliation damages and attorney's fees. Id. The Court ordered the parties to attend a hearing on the issue of retaliation damages and attorney's fees. Id. The parties attended a damages hearing on August 3, 2020. Dkt. No. [16]. This hearing had been previously scheduled but had been rescheduled at Defendant Lin's request to provide him an opportunity to obtain counsel.

II.   **DISCUSSION**

At the damages hearing, the Court heard testimony from Plaintiff regarding his retaliation claim. Plaintiff's counsel also responded to the Court's questions regarding attorney's fees. Plaintiff testified that, after he was fired by Defendants, he worked as a server at another restaurant where he made $400 per week less than he made while working at Defendants' restaurant, Tokyo Bay Buffet. He worked at the new restaurant for 24 weeks before he found employment that paid him an income comparable to what he earned at Tokyo

Bay Buffet. Based on this testimony, the Court finds that $9,600 appropriately measures the damages flowing from the retaliatory firing.[2] See Snapp v. Unlimited Concepts, Inc., 208 F.3d 928, 934 (11th Cir. 2000) (noting that 29 U.S.C. § 215(a)(3) explicitly empowers courts to award lost wages to remedy a retaliatory firing). Accordingly, the Court awards Plaintiff **$9,600** in retaliation damages plus an equal amount in liquidated damages. See 29 U.S.C. § 216(b) (mandating an award of liquidated damages for retaliatory firings in violation of § 215(a)(3)).

Plaintiff's counsel responded to the Court's questions as to his affidavit on attorney's fees. The Court requested information about several entries. The Court was satisfied with counsel's explanations of each except the entry of June 18, 2019 entitled "Email correspondence with Randall Grayson." See Dkt. No. [7-4] at 2. Plaintiff's counsel could not account for that entry and agreed to strike it from the request for fees. Accordingly, the Court finds that Plaintiff has shown he is entitled to **$9,625.00** in attorney's fees and **$550.00** in litigation expenses.

### III.  CONCLUSION

It is hereby **ORDERED AND ADJUDGED** that Plaintiff Antonio Risco recovers from Mu Mu Inc. d/b/a Tokyo Bay Buffet and Juren Lin, jointly and severally, as follows:[3]

---

[2] $400/week * 24 weeks = $9,600

[3] The Court found in its previous Order on Plaintiff's Motion for Default Judgment that Plaintiff had adequately pled his claim for unpaid minimum wages and

1. **$6,656.00** in unpaid minimum wage damages; plus

2. **$5,500.00** in withheld tip damages; plus

3. **$9,600.00** in retaliation damages; plus

4. **$10,175.00** in attorney's fees and expenses; plus

5. **$21,756.00** in liquidated damages.

The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff Antonio Risco against Defendants Mu Mu Inc. d/b/a Tokyo Bay Buffet and Juren Lin, jointly and severally, in the amount of **$53,687.00**. The Clerk is further **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED** this 3rd day of August, 2020.

_____
**Leigh Martin May**
**United States District Judge**

---

withheld tips. Dkt. No. [11]. The Court also awarded Plaintiff liquidated damages on each of those claims. Id. These sums are included in this entry of judgment.